UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER STARKS BRAGGS,** )<br>)<br>    **Claimant,** )<br>)<br>vs. )<br>)<br>**MICHAEL J. ASTRUE,** )<br>**Commissioner, Social Security** )<br>**Administration,** )<br>)<br>    **Defendant.** ) | Case No. CV-11-S-759-S |

**MEMORANDUM OPINION AND ORDER OF REMAND**

Claimant, Jennifer Starks Braggs, commenced this action on February 24, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ's decision is inconsistent with the opinions of the treating and examining physicians. Upon review of the record, the court concludes that this contention has merit, and that the case should be remanded to the Commissioner for further consideration of the medical evidence.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or

treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

The ALJ determined that claimant had the severe impairments of bilateral carpel tunnel syndrome, mild distal supraspinatus tendinopathy, mild degenerative changes in her right shoulder, type II diabetes, and hypertension, as well as the non-severe impairments of sleep apnea, depression, and migraine headaches.[1]  Despite those impairments, claimant retained the residual functional capacity to perform light work, with the following limitations: she could stand and walk six hours out of an eight-hour work day; sit six hours out of an eight-hour work day; lift and carry twenty pounds occasionally and ten pounds frequently; occasionally climb ladders, ropes, and scaffolds; frequently perform overhead reaching; never work around vibration, hazardous machinery and hazardous heights; and occasionally bend, stoop, crouch, feel, and handle.  She would require an assistive device for navigating uneven terrain

---

[1] Tr. at 11.

and long distances, but not short distances.[2]

Claimant first asserts that those findings are inconsistent with the opinion of Dr. Malaika Hakima, who performed a consultative examination on September 11, 2008. Dr. Hakima assessed claimant as suffering from status post surgery on the right shoulder, history of bilateral carpal tunnel syndrome, osteoarthritis of bilateral knees, and sleep apnea. He stated that claimant could stand or walk for less than two hours in a work day due to arthritis of the knees, but that she had no restrictions on sitting. She would require an assistive device for uneven terrain and long distances, but not for short distances. She could lift or carry less than ten pounds frequently and ten pounds occasionally due to carpal tunnel syndrome. She had postural limitations of only occasional bending, stooping, and crouching, as well as manipulative limitations of only occasional feeling and handling.[3]

The ALJ stated in his administrative decision that he assigned Dr. Hakima's assessment "great weight," as his opinion was "consistent with the findings of the undersigned and the above RFC."[4] As claimant points out, however, Dr. Hakima's opinion and the ALJ's RFC finding simply are not consistent. Dr. Hakima stated that claimant could stand and walk for only two hours during an eight-hour work day, but

---

[2] Tr. at 14.
[3] Tr. at 357-58.
[4] Tr. at 16.

the ALJ found that claimant had the residual functional capacity to stand and walk for six hours during an eight-hour work day. Furthermore, Dr. Hakima stated that claimant could lift or carry less than ten pounds frequently and ten pounds occasionally, but the ALJ found that claimant could lift and carry twenty pounds occasionally and ten pounds frequently. Those discrepancies are significant, because, during the administrative hearing, the ALJ asked the vocational expert to assume a hypothetical individual with the residual functional capacity

> of being able to stand or walk two hours in an eight-hour day, does not have a restriction in sitting, is able to lift 10 pounds occasionally and less than 10 pounds frequently, would need an assistive device for uneven terrain and long distances but not for short distances, would be limited to occasionally bending, stooping, crouching, feeling, and handling . . . .[5]

The vocational expert testified that an individual with that residual functional capacity and claimant's past relevant work experience, education level, and date of birth would be unable to perform either claimant's past relevant work or any other work existing in significant numbers in the national economy. The vocational expert explained that an individual who could stand no more than two hours a day would only be able to perform a limited number of sedentary unskilled jobs, and those jobs would require "coordinated use of both upper extremities for gross and fine

---

[5] Tr. at 46.

manipulation" more than occasionally.[6]

There is no explanation for how the ALJ could have afforded "great weight" to Dr. Hakima's opinion, but then made a residual functional capacity finding that was clearly inconsistent with that opinion. The ALJ's consideration of the opinion of treating physician Dr. Jeremy Allen is similarly suspect. Dr. Allen indicated on a Physical Capacities Evaluation form that claimant could lift or carry ten pounds occasionally to five pounds frequently; could sit for a total of six hours in an eight-hour work day; could not stand or walk at all during an eight-hour work day; would not require an assistive device; could never climb or be exposed to environmental irritants; could only rarely perform fine manipulation, bend, stoop, reach, or work with hazardous machinery; could only occasionally push and pull, perform gross manipulation, and operate motor vehicles; and would be likely to be absent from work four days each month. Dr. Allen also indicated on a Clinical Assessment of Pain form that claimant's pain would be present to such an extent as to be distracting to adequate performance of daily work activities, that physical activity would greatly increase pain to such a degree as to cause distraction from or abandonment of tasks, and that the side effects of prescribed medication would impose some limitations on claimant's ability to work, but not to such a degree as to cause serious problems in

---

[6] Tr. at 46-47.

most instances.[7]  The ALJ assigned only little weight to Dr. Allen's assessment, reasoning that Dr. Allen's findings of distracting pain, inability to walk during an eight-hour work day, and need to miss four days of work each month were not supported by the medical evidence of record.[8]  However, Dr. Allen's exertional, lifting, and manipulative limitations are similar to Dr. Hakima's, and the ALJ assigned great weight to Dr. Hakima's assessment.

Because the ALJ's descriptions of the medical opinions are not consistent with the opinions themselves, it cannot be said that the ALJ's decision was based upon substantial evidence.  The ALJ made a residual functional capacity finding based on medical restrictions that are not supported by the medical evidence of record.  Remand is warranted for the ALJ to reevaluate the medical evidence, give proper, careful consideration to the opinions of both the treating and examining physicians, and to gather additional medical information if necessary.

Based on the foregoing, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk of Court is directed to close this file.

---

[7] Tr. at 390-91.

[8] Tr. at 16.

DONE this 6th day of January, 2012.

_____
United States District Judge